UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                    :              CASE NO.: 15-31671-RAM
                                          :
MARIO A. FERNANDEZ,                       :              CHAPTER 7
                                          :
        Debtor.                           :
_____/

## TRUSTEE'S OBJECTION TO DEBTOR'S
## MOTION TO DISMISS CHAPTER 7 CASE [D.E. 19]

COMES NOW Maria M. Yip, Chapter 7 Trustee, by and through undersigned counsel, and files this Objection to Debtor's Motion to Dismiss Chapter 7 Case [D.E. 19], and in support thereof would state as follows:

### Background

### *The Real Estate Commission & the Motion to Dismiss*

1.      The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 14, 2015 (the "***Petition Date***") and Maria M. Yip is the duly appointed Chapter 7 Trustee (the "***Trustee***").

2.      The Debtor is a real estate sales agent, who disclosed on Schedule B, Item #38 that he is due a real estate commission of $87,500.00 attributable to an anticipated closing for the sale of real property located at 4250 SW 8th St., Miami, Florida 33144 (the "***Commission***"). The closing has not yet occurred, but is anticipated to occur in January or February of 2016.

3.      The reason for the Debtor's *Motion to Dismiss* [D.E. 19] (the "***Motion to Dismiss***") is that the Debtor is an 81-year old man who has been aggressively pursued pre-petition by one of his creditors (Sabadell Bank, whose claim was subsequently assigned to East Meridian LLC, as Trustee of a judgment trust). Sabadell/East Meridian threatened to foreclose

an unsecured judgment lien on non-homestead real property located at 5795 SW 35th St., Miami, FL 33155 (the "**5795 Property**"), which is occupied by the Debtor's disabled ex-wife.  The reverse mortgage on the 5795 Property is in default per the reverse mortgage company's *Motion for Relief from Stay* [D.E. 25], and the Debtor would need $49,180.51 to come current just on that reverse mortgage.  However, the creditor Sabadell/East Meridian has apparently convinced the Debtor to enter into a settlement where the Debtor would: (a) dismiss this bankruptcy case; (b) receive the Commission; and (c) pay most or all of the Commission to Sabadell/East Meridian.  This has the effect of reordering priorities and funneling money to an otherwise unsecured judgment creditor to "save" a property with no equity that is already subject to being lost due to the delinquent mortgage, while at the same time leaving all of the Debtor's priority tax debt and unsecured claims unpaid and unaddressed, for no benefit to anyone other than Sabadell/East Meridian.

4.      Because granting the Motion to Dismiss accomplishes nothing other than a reordering of priorities, to the detriment and prejudice of the Estate (and the Debtor himself), good cause for dismissal does not exist pursuant to 11 U.S.C. §707(a), and the Motion to Dismiss should be denied.

### The Sabadell/East Meridian Judgment and
### Threats of Execution on the Debtor's Underwater Property

5.      The Debtor's testimony at the §341 reflects this case was filed to stop pre-petition collections efforts by Sabadell/East Meridian.  Sabadell Bank/East Meridian holds a fully unsecured judgment lien on the 5795 Property, which is occupied by the Debtor's disabled ex-wife.  Other than by operation of Florida's judgment lien statutes, Sabadell/East Meridian's claim would have no secured status whatsoever.

6.      The 5795 Property is underwater.  The 5795 Property has a tax assessed value of $411,310.00 and a market value of $607,000.00 per Schedule A.  The 5795 Property is subject to a reverse mortgage with an outstanding principal balance of $710,111.49 as of 9/30/15.[1]  In addition, the reverse mortgage company has filed a *Motion for Relief from Stay* [D.E. 25] seeking relief to proceed in foreclosure against the 5795 Property due to the Debtor's failure to make payments totaling $49,180.51.[2]  There is no equity in the 5795 Property.

7.      The reverse mortgage was recorded on September 23, 2009 at Book 27021, Page 4365 of the Official Records of Miami-Dade County, Florida – prior to the recordation of the Sabadell/East Meridian Judgment on February 10, 2010 at Book 27178, Page 4815.  Therefore, although the Trustee is cognizant of the judgment lien provisions of Fla. Stat. §55.10, there is no net equity in the 5795 Property which could secure the Sabadell/East Meridian judgment.  The judgment lien attached to a worthless property.

8.      Irrespective of the lack of equity in the 5795 Property, Sabadell/East Meridian noticed a sheriff's sale of the 5795 Property pre-petition.  This is merely a litigation tactic to pressure the Debtor by threatening sale of the property and displacement of the Debtor's disabled ex-wife (who occupies the property) by selling an interest in a fully unsecured judgment lien.

9.      The 81-year old Debtor, fearing execution by the judgment creditor, filed this case to stop such a sale – even though the 5795 Property has no equity, and will likely be lost to foreclosure by the reverse mortgage company anyways due to the Debtor's failure to make payments due under the reverse mortgage (totaling $49,180.51 as per the reverse mortgage

---

[1] This is per the last statement which was provided to the Trustee.  The Debtor lists the total amount due to the reverse mortgage company at a balance of $938,250.00 on Schedule D.
[2] These payments are attributable to unpaid insurance or escrow payments, which the Debtor was required to pay directly under the terms of the reverse mortgage (yet failed to do so, as alleged in the Creditor's motion for relief from stay [D.E. 25]).

company's stay relief motion [D.E. 25]).

### *The Unsecured Creditor's Attempts to Settle with the Debtor, Take the Commission, and Force Dismissal of the Case*

10.     Based on the testimony at the §341 Meeting, it is the Trustee's understanding that the Debtor has reached a tentative settlement with Sabadell/East Meridian where the Debtor would: (a) dismiss this bankruptcy case; (b) receive the Commission; and (c) pay all (or nearly all) of the Commission to Sabadell/East Meridian.  This is the reason for the Motion to Dismiss.

11.     The Trustee objects, as this is nothing more than a bold attempt by an unsecured creditor to circumvent the bankruptcy process, and attempt to conceal the same from the Court, the Trustee, and all Creditors by having the Debtor (not the creditor) file the Motion to Dismiss. Granting the Motion to Dismiss would result in a monumental reordering of priorities.  Not only is this prejudicial to creditor and the Estate, it is also prejudicial to the Debtor – such a reordering of priorities would result in the Debtor paying off an unsecured judgment creditor to avoid having that judgment creditor execute on a property with no equity (with a mortgage in default), while at the same time all of the Debtor's priority tax debt would be left unpaid, the Debtor would be forced to continue to reach a separate payment plan with the I.R.S., and the Debtor would still owe over $300,000.00 in general unsecured debt as reflected on Schedule F.

12.     Because dismissal is prejudicial to the Estate, arguably prejudicial to the Debtor, and prejudicial to all creditors except Sabadell/East Meridian, the Trustee submits that good cause for dismissal does not exist under §707(a), and the Motion to Dismiss should be denied.

### <u>There is Not Good Cause for Dismissal Pursuant to 11 U.S.C. §707(a)</u>

13.     The Debtor has not shown good cause for dismissal under 11 U.S.C. §707(a). Section 707(a) provides, in pertinent part:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and **only for cause** […].

11 U.S.C. §707(A)(Emphasis added).

14.    The Bankruptcy Code does not define "for cause," and the three enumerated examples in § 707(a) are illustrative, not exhaustive – "cause" in the §707(a) framework requires a showing of adequate or sufficient reason for such an action.  Piazza v. Nueterra Healthcare Physical Therapy LLC (In re Piazza), 719 F.3d 1253 (11th Cir. 2013). See also Dionne v. Simmons (In re Simmons), 200 F.3d 738, 743 (11th Cir. 2000) (noting the examples of "cause" are "nonexclusive").

15.    There is no adequate or sufficient reason to dismiss this Chapter 7 case. Dismissal is sought so that the Debtor can receive the Commission and use it to pay one creditor (Sabadell/East Meridian) in preference over all others.  This structured dismissal for the purpose of reordering priorities constitutes an abuse of process of the bankruptcy system.  As stated by the Eleventh Circuit in the Piazza matter, "cause" which amounts to an abuse of process is not "good cause" within the meaning of §707(a):

> Congress has given bankruptcy courts to protect their "jurisdictional integrity." [...] Considering bankruptcy courts may sanction litigants for filing documents with "any improper purpose", […] as well as "tak[e] any action ... necessary or appropriate ... to prevent an abuse of process," […], we see no reason why prepetition bad faith should not constitute an adequate or sufficient reason for dismissal. To hold otherwise would "create[ ] the appearance that such an abusive practice is implicitly condoned by the [Bankruptcy] Code." […].

> Piazza, 719 F.3d at 1262 (Internal citations omitted).

16.    Although it does not appear that there was pre-petition bad faith by the Debtor in this case, based upon what the Trustee has seen to date, the Eleventh Circuit's reasoning in Piazza that "cause" which constitutes an abuse of process is not "good cause" within the

meaning of §707(a) holds true in the instant matter.

17.    To succeed on a motion to dismiss, the movant must make a showing of cause and demonstrate why dismissal is justified.  In re Turpen, 244 B.R. 431, 434 (8th Cir. BAP 2000); In re Simmons, 200 F.3d 738 (11th Cir. 2000) (burden for showing "cause" is on the moving party)).  When examining the "cause" requirement of §707(a), Courts generally consider the following facts when ruing on a Debtor's motion to dismiss:

> (1) Whether all of the creditors have consented;
> (2) Whether the debtor is acting in good faith;
> (3) Whether dismissal would result in an prejudicial delay in payment;
> (4) Whether dismissal would result in a reordering of priorities;
> (5) Whether there is another proceeding through which payment of claims can be handled; and
> (6) Whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

> In re Alvarez, Case No. 10-45709-AJC (Entered 10/25/11 at D.E. 45)(citing Turpen, 244 B.R. at 434; In re Watkins, 229 B.R. 907 (Bankr. N.D. Ill. 1999)).

18.    The burden for demonstrating cause is on the Debtor (or Movant), In re Simmons, 200 F.3d 738, 743 (11th Cir. 2000), and determination of cause is within the sound discretion of the bankruptcy court.  In re Jabarin, 395 B.R. 330, 337 (Bankr. E.D. Pa. 2008).  If the debtor shows cause, the court nevertheless "should deny the motion if there is any showing of prejudice to creditors."  In re Turpen, 244 B.R. at 434 (citing In re Haney, 241 B.R. 430, 432, (Bankr. E.D. Ark 1999); In re Watkins, 229 B.R. at 909; In re Eichelberger, 225 B.R. 437, 439 (Bankr. E.D. Mo. 1998); In re Harker, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995)).  The test is essentially two-pronged: the Debtor must show cause, and if the Debtor shows cause, the Court should nevertheless deny the motion to dismiss if the above factors demonstrate prejudice to creditors.

In the present case, the Debtor has failed to show sufficient cause, and even if he could, the factors in the second prong weigh heavily against the Debtor.

19.     This Debtor has failed to demonstrate "cause" sufficient to justify dismissal of his case.  The real "cause" for the Motion to Dismiss is that the Debtor seeks to dismiss this case, take possession of his largest non-exempt asset (the Commission), and pay off an otherwise unsecured creditor to "save" an underwater real property (which is encumbered by a mortgage that is already in default).  This constitutes an abuse of process.  Furthermore, it appears that the 81-year old Debtor may have been cajoled into this proposal for reasons against his own interests, as well as against the interests of the Estate and the creditor body.  The Trustee has identified no case law supporting the contention that a Debtor's desire to dismiss so as to marshal non-exempt assets and make an out-of-court- preferential payment to one unsecured creditor (at the expense of all others), resulting in a momentous reordering of priorities, constitutes good "cause" within the meaning of 11 U.S.C. §707(a).

20.     Furthermore, the equities of the instant matter weigh against concluding that "cause" exists to dismiss this action.  Dismissal would result in a prejudicial delay in payment to all creditors other than Sabadell/East Meridian, and would result in a significant reordering of priorities.  Given that there is no other forum which can efficiently handle the payment of all claims owed by this Debtor (not just the claim of Sabadell/East Meridian), the equities weigh strongly against dismissal.   In re Alvarez, Case No. 10-45709-AJC (Entered 10/25/11 at D.E. 45)(citing Turpen, 244 B.R. at 434; In re Watkins, 229 B.R. 907 (Bankr. N.D. Ill. 1999)).

21.     To this end, and examining this case in light of the factors outlined above, several conclusions may be drawn:  (1) the Debtor's unsecured creditors should not consent to dismissal of the instant action; (2) dismissal of the instant action would result in a prejudicial delay in

payment to creditors; (3) dismissal of the instant action would result in a significant reordering of priorities; and (4) there is no other vehicle or proceeding which can expeditiously and efficiently handle payment of the Debtor's claims.   In these circumstances, the balance of competing interests tips in favor of the creditors.  The Debtor's Motion to Dismiss should be denied.

### Conclusion

22.    For all of the foregoing reasons, the Trustee argues that it is in the best interest of all unsecured general creditors for this case to remain in a Chapter 7.  The Debtor should not be allowed to dismiss this case for the purpose of taking possession of an $87,500.00 non-exempt asset, and preferentially paying off one unsecured creditor simply because that creditor has threatened to execute on an underwater judgment lien on non-homestead real property (which is already encumbered by a mortgage of at least $710,000.00 which is in default), leaving all other creditors to wait in the wings hoping for some future payment, and also leaving the Debtor stranded to deal with I.R.S. issues related to his substantial priority tax debt.  The alternative of allowing this case to proceed, and ensuring that claims are paid in their statutory order of priority, benefits the Estate, the creditor body as a whole, and the Debtor himself.[3]  The Trustee respectfully requests that the Debtor's Motion to Dismiss be denied.

23.    In the event that the court grants the Debtor's Motion to Dismiss, the Trustee requests that as a condition precedent to dismissal, all post-petition Chapter 7 administrative expenses be paid in full within fourteen (14) days.  Additionally, the Trustee requests that if the case is dismissed, that the order provide for a prejudice period of no less than two (2) years.

---

[3] The Debtor is benefitted because he will not lose substantial funds paying off an unsecured judgment lien on a non-homestead property, which is already at risk of being lost due to the Debtor's failure to pay nearly $50,000.00 due under the reverse mortgage.  Instead, the Debtor's priority tax debt would be substantially paid if he remains in bankruptcy, and he would receive a discharge of over $300,000.00 in unsecured debt listed on Schedule F.

Case No.: 15-31671-RAM

WHEREFORE, the Trustee objects to the Debtor's Motion to Dismiss Chapter 7 Case and requests the same be **DENIED**, together with any further relief this Court deems just and proper.

Dated:  January 19th, 2016.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By _____/s/_____
    ROBERT A. ANGUEIRA
    Florida Bar No. 0833241

Case No.: 15-31671-RAM

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this

19th day of January, 2016, to the Debtor.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of

Electronic Filing on this 19th day of January, 2016, to:

- Robert A Angueira    rangueir@bellsouth.net, susan@rabankruptcy.com; lillian@rabankruptcy.com; lisa@rabankruptcy.com

- Robert P. Charbonneau    rpc@ecccounsel.com, nsocorro@ecclegal.com; bankruptcy@ecclegal.com; bankruptcy.ecc@ecf.courtdrive.com

- Jeffrey S Fraser    bkfl@albertellilaw.com

- Seth J Greenhill    sgreenhill@rasflaw.com, bkyecf@rasflaw.com; bky_ecf4@rasflaw.com

- Paul A Humbert    pa@pahumbertlaw.com

- Matthew E Ladd    mattladd@mllawmiami.com, G17638@notify.cincompass.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Matthew A Petrie    map@ecclegal.com, nsocorro@ecclegal.com; bankruptcy@ecclegal.com; map@ecf.inforuptcy.com; bankruptcy.ecc@ecf.courtdrive.com

- Maria Yip    trustee@yipcpa.com, myip@ecf.epiqsystems.com

- Christopher F Zacarias    czacarias@zacariaslaw.com, pleadings@zacariaslaw.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By _____/s/_____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

10